**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL REASE,

       Plaintiff,

v.                                                      Case No. 3:11-cv-1222-J-32JRK

OFFICER KEVIN L. WALTON
AND SERGEANT CHAPMAN,

       Defendants.

## **ORDER**

### **I. Status**

Plaintiff is an inmate in the custody of the Florida Department of Corrections (FDOC) who is proceeding pro se in this action on a revised Third Amended Civil Rights Complaint (Doc. #57) (TAC), filed pursuant to 42 U.S.C. § 1983. As Defendants, Plaintiff names Officer Kevin L. Walton and Sergeant Norman Chapman, who at all pertinent times were correctional officers at Florida State Prison (FSP). Plaintiff asserts that the Defendants were deliberately indifferent to his health and safety when they failed to protect Plaintiff from an attack by another inmate.

This cause is before the Court on Defendants' Motion to Dismiss (Doc. #59) (Defendants' Motion), converted to a motion for summary judgment, in which Defendants assert that this case should be dismissed for Plaintiff's abuse of the judicial process, because his claims are barred by the doctrines of res judicata and collateral estoppel, and

for Plaintiff's failure to state a claim upon which relief may be granted.[1]  Plaintiff has responded.  See Plaintiff's Response to Defendants' Motion to Dismiss (Doc. #61) (Plaintiff's Response).  Thus, the Defendants' Motion is ripe for review.

## II. Standard of Review

"Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  "If the moving party meets this burden, 'the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor.'"  Ekokotu v. Federal Exp. Corp., 408 F. App'x 331, 333 (11th Cir. 2011) (per curiam) (quoting Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007)).

## III. Plaintiff's TAC

Plaintiff alleges the following facts in support of his deliberate indifference claim.  At approximately 1:00 p.m. on April 15, 2008, while Plaintiff was confined at FSP, Defendant Walton escorted Plaintiff and approximately twenty other inmates from FSP's gymnasium to

---

[1] Several exhibits (hereinafter Ex.) pertaining to the abuse of the judicial process, res judicata and collateral estoppel defenses are appended to Defendants' Motion; therefore it has been converted to a motion for summary judgment.  See Starship Enters. of Atlanta, Inc. v. Coweta Cnty, Ga., 708 F.3d 1243, 1252 n.13 (11th Cir. 2013) (noting that a res judicata defense may be raised in a motion to dismiss; however, if a district court considers materials outside the pleadings in addressing this defense, the court's "consideration of those materials automatically convert[s] the motion to dismiss into a motion for summary judgment").  The Court advised Plaintiff that, if Defendants filed a motion to dismiss that was supported by affidavits or other documents, the Court would construe the motion to dismiss as a motion for summary judgment.  The Court further informed Plaintiff of the provisions of Fed. R. Civ. P. 56 and gave him an opportunity to respond.  See the Court's Order (Doc. #11) at 3-4.  Plaintiff has responded (Doc. #61).

the I-Wing. TAC at 5-6. All of these inmates, including Plaintiff, were handcuffed behind the back, even though FDOC regulations did not require that these inmates be handcuffed in these circumstances. Id. at 6. Defendant Walton did not have any assistance in escorting Plaintiff and these other inmates, in violation of FDOC regulations. Id.

Defendant Chapman was the housing supervisor of I-Wing at that time, and he observed Defendant Walton escorting Plaintiff and the other inmates. Id. at 7. "Chapman knew, or should have known, that Walton's lone escort of approximately 21 inmates in restraints, was a violation of Ch. 33-601.800(14)(d), Fla. Admin. Code, which requires one (1) officer for each one (1) inmate." Id. "Chapman failed to stop or prevent Walton's continued lone escort of Plaintiff and 20 other restrained inmates[.]" Id.

During the escort, inmates Elliot Byrd and Dexter Owens were unconfined, unrestrained and unsupervised on I-Wing. Id. Defendant Chapman knew inmates Byrd and Owens were unconfined, unrestrained and unsupervised. Id. In violation of FDOC policy, "Chapman failed to return Byrd and Owens to their cells, remove Byrd and Owens from I-Wing, or have Byrd and Owens closely supervised by additional staff when Plaintiff and the other 20 inmates were escorted onto I-Wing in restraints, and in Chapman's presence." Id. at 8.

As Plaintiff was being escorted, inmate Byrd ran up to Plaintiff and repeatedly stabbed him with a homemade ice pick, which was approximately eleven inches long. Id. "As a result of Byrd's attack[,] Plaintiff received puncture wounds to the left shoulder, left middle dorsal area, left lung, multiple puncture wounds to the upper left back, and other minor

lacerations and scrapes." Id.  Defendant Walton observed inmate Byrd repeatedly stab Plaintiff, and failed to intervene or take any action to end the attack. Id.

Plaintiff sues the Defendants in their individual capacities. Id. at 10.  Plaintiff seeks declaratory judgment and compensatory, punitive and nominal damages. Id. at 10-11. He also seeks reimbursement for costs and fees. Id. at 11.

## IV.  Law and Conclusions

Defendants assert that this case should be dismissed for Plaintiff's abuse of the judicial process because he failed to fully disclose his previous litigation history. Defendants' Motion at 8-11.  Upon review, the Court is of the opinion that dismissal for abuse of the judicial process in the circumstances of this case is appropriate.  The following undisputed facts are pertinent in addressing this issue.

Plaintiff filed a complaint in the Bradford County Circuit Court about the same incident as alleged in this case on March 29, 2010.  Ex. A at 2; Ex. B.  He was granted leave to proceed as a pauper, see Ex. C, and summons were issued to the defendants. Ex. A at 2. Thereafter, on June 8, 2010, Plaintiff filed an amended complaint, in which he named the following defendants: Walter A. McNeil, the Secretary of the FDOC at the time in question; Randall Bryant, the Warden of FSP at the pertinent time; and Officer Walker, a correctional officer at FSP.[2] Id.; Ex. D.

In the amended complaint, Plaintiff alleged the following facts.  At approximately 1:15 p.m. on April 15, 2008, while Plaintiff was confined at FSP, Defendant Walker escorted

---

[2] The parties agree that Plaintiff misidentified Officer Kevin L. Walton as Officer Walker in his state court case.

Plaintiff and approximately twenty other inmates from FSP's gymnasium to the I-Wing. Ex. D at 3.  Upon arrival, Plaintiff was summoned to the day-room to have his handcuffs removed. Id.  At that time, "an unsupervised inmate assigned as [a] houseman approached the Plaintiff stabbing him several times in the back with a sharp object later known as an 'ice pick.'" Id.  Officer Walker summoned an emergency back-up response team by radio. Id.  Thereafter, Plaintiff was taken to the prison medical clinic. Id.  Plaintiff also complained that Warden Bryant and Secretary McNeil denied his grievances regarding this matter. Id. at 3-4.

Based on these alleged facts, Plaintiff raised the following claims:

> Defendant's [sic] Walker, and Bryant willfully and intentionally with a disregards [sic] for human rights or safety, to wit, deliberately violated procedure, policy or customs when escorting CM inmates, subjection [sic] the Plaintiff to be stabbed with an "ice pick", causing severe damage to his lung, wanton inflictions of negligent intentional emotional distress and psychological injuries, constitutes negligence; and Walter A. McNeil, Florida Department of Corrections negligent failure to train or supervise its employees when escorting CM inmates, promulgating an improper policy, know or should have known that they would subject the Plaintiff to be stabbed and hospitalized, and the Defendants are jointly and severally liable for the damages, and the Defendants are jointly and severally liable for monetary damages in their individual, supervisory, and/or vicariously under Florida law.

Id. at 5.  Plaintiff sought compensatory and punitive damages for his injuries. Id. at 5-6.

A motion to dismiss the amended complaint was filed on June 22, 2010. Ex. A at 2. It is unclear which defendant(s) filed this motion; however, it appears it was filed solely on behalf of Secretary McNeill because Plaintiff filed a motion opposing Walter A. McNeil's motion to dismiss on August 16, 2010. See id. at 1.  On October 4, 2010, the circuit court

sua sponte dismissed the case, without addressing the pending motion to dismiss, stating in pertinent part the following:

> The Court, pursuant to § 57.085(6)[3] and (8),[4] has reviewed the "Amended Civil Complaint" filed herein, and has determined that it is not legally sufficient to state a cause of action against the named Defendants. In particular, the Court finds:
>
> 1. The complaint fails to set forth ultimate facts giving rise to a duty owed by any of the name[d] Defendants to the Plaintiff at the time and place of the circumstances described.
>
> 2. The complaint fails to set forth ultimate facts giving rise to a breach of any legally cognizable duty.
>
> 3. The amended civil complaint fails to allege ultimate facts which would make any of the individual defendants liable, and in fact states in conclusory fashion allegations which would either make the individual defendants immune from liability or the Defendant McNeil [sic] not liable.
>
> 4. The Plaintiff alleges facts which, if true, demonstrate that the Plaintiff's injuries were caused by an intervening unforeseeable criminal act of a third party not a Defendant in this lawsuit.

---

[3] Section 57.085(6) provides that a court shall dismiss all or part of an indigent prisoner's claim which: (a) fails to state a claim for which relief may be granted; (b) seeks monetary relief from a defendant who is immune from such relief; (c) seeks relief for mental or emotional injury where there has been no related allegation of a physical injury; or (d) is frivolous, malicious, or reasonably appears to be intended to harass one or more named defendants.

[4] Section 57.085(8) provides that in any judicial proceeding in which a certificate of indigence has been issued to a prisoner, the court may at any time dismiss the prisoner's action, in whole or in part, upon a finding that: (a) the prisoner's claim of indigence is false or misleading; (b) the prisoner provided false or misleading information regarding another judicial or administrative proceeding in which the prisoner was a party; (c) the prisoner failed to pay court costs and fees despite having the ability to pay; or (d) the prisoner's action or a portion of the action is frivolous or malicious.

> 5.     Accordingly, it is hereby ORDERED AND ADJUDGED that the Amended Civil Complaint is hereby DISMISSED without leave to further amend.

Ex. E at 1-2. Plaintiff appealed this dismissal, and on November 9, 2011, the First District Court of Appeal summarily affirmed the circuit court's order. Ex. F; Rease v. Tucker, 75 So.3d 273 (Fla. 1st DCA 2011) (per curiam) (unpublished table decision).

Less than one month after the First District Court of Appeals' affirmance, Plaintiff initiated this case by handing a Civil Rights Complaint (Doc. #1) (Complaint) to prison authorities for mailing to this Court on December 7, 2011. On the Complaint form, Section IV.(A) states the following: "Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" Complaint at 2. There are parenthetical areas to mark either yes or no. Plaintiff marked yes. Id. Additionally, Section IV.(B) of the Complaint form states the following: "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" Id. Again, Plaintiff marked yes in the parenthetical areas after this question. Id. Section IV.(C) of the Complaint form instructed Plaintiff as follows:

> If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe each all additional lawsuits on a separate piece of paper, using the same format as below.

Id.

In the space provided in Section IV.(C) of the form, Plaintiff disclosed detailed information[5] regarding two previous civil rights actions filed in this Court in Case Nos. 3:08-cv-1203-J-25JRK and 3:09-cv-337-J-25TEM. See id. at 2-3. However, he did not disclose any information about his Bradford County case, the dismissal of which had recently been affirmed. Nor did he disclose any information about a previous civil rights action in this Court in Case No. 3:91-cv-351-J-10HTS, which, according to the Court's docket,[6] was dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that could be relied upon to bring the case to an expeditious closure.

Thereafter, Plaintiff filed an Amended Civil Rights Complaint (Doc. #6) on January 23, 2012, and a Second Amended Civil Rights Complaint (Doc. #38) on February 19, 2013. In both of these pleadings, Plaintiff responded to the questions regarding his previous filings in the same manner as he had in his initial Complaint. On March 5, 2013, the Court was first notified of Plaintiff's Bradford County case in Defendant Chapman's Motion for Summary Judgment (Doc. #41), in which Defendant Chapman argued that Plaintiff's claims were barred by the doctrines of res judicata and collateral estoppel, based upon his previous filing in Bradford County.

---

[5] This information included the parties to the previous lawsuit, the court in which the lawsuit was filed, the docket number, the assigned judge, the facts and basis for the lawsuit, the disposition of the suit, the approximate filing date and the approximate disposition date.

[6] Documents in this case were not scanned and therefore are not able to be retrieved via the Court's electronic filing system. The file is now at the Federal Records Center.

On April 2, 2013, Plaintiff filed a Motion for Leave to Amend (Doc. #43), arguing that he should be permitted to file an attached proposed Third Amended Civil Rights Complaint to clarify the issues and include "the previously omitted factual description of Plaintiff's state court proceedings." Id. at 1. On April 22, 2013, the Court granted the motion, directed the Clerk to file the Third Amended Complaint (Doc. #49) and found Defendant Chapman's Motion for Summary Judgment (Doc. #41) to be moot. See Order (Doc. #46). Thereafter, on September 6, 2013, the Court permitted Plaintiff to file his revised TAC (Doc. #57) because Plaintiff alleged that the original Third Amended Complaint contained formatting errors. In both the original Third Amended Complaint (Doc. #49) and the revised TAC (Doc. #57), Plaintiff finally set forth the details regarding his Bradford County case.

In Plaintiff's Response, Plaintiff argues that he was unable to disclose the details regarding his Bradford County case until after Defendant Chapman did so in his motion for summary judgment because the Florida Department of Corrections does not permit inmates to store "inactive legal documents . . . making it difficult for Plaintiff to disclose any information on previously filed legal actions." Id. at 6. The Court finds this argument to be unpersuasive. As noted above, Plaintiff initiated this case less than one month after the First District Court of Appeal affirmed the dismissal of the Bradford County case. Thus, this Court is convinced that Plaintiff could have remembered sufficient details about the Bradford County case to inform the Court that many of the same issues raised in this case had previously been adjudicated in state court. Moreover, Plaintiff was able to obtain and disclose detailed information about two of his other civil rights filings in this Court, despite the fact that both of these cases had been dismissed in 2009.

The Eleventh Circuit has "explained that failure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (citing Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); see also Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (observing that lying under penalty of perjury about the existence of previous lawsuits is the kind of abuse of process that warrants dismissal); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (finding that the dismissal of a pro se state inmate's § 1983 action as a sanction for providing false information on a complaint form concerning his prior filing history was not an abuse of discretion).

This Court has recognized that:

> [t]he information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. See 28 U.S.C. § 1915(g). *The information also helps the court to consider whether the action is related to or should be considered in connection [with] another action, or whether a holding in another action affects the current action.*

Williams v. Wiggins, No. 6:09-cv-943-Orl-28DAB, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010) (emphasis in original) (quoting Johnson v. Crawson, No. 5:08-cv-300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010)).

The Court is convinced that Plaintiff was aware of his responsibility to advise the Court of his previous filing in Bradford County and that he failed to provide this information in an effort to avoid the involuntary dismissal of this case on the basis that his claims had previously been adjudicated in state court. Only after Defendant Chapman advised the

Court of the Bradford County case was Plaintiff finally forced to disclose it as well. Therefore, this Court agrees with Defendants that an appropriate sanction is dismissal for Plaintiff's abuse of the judicial process.[7]

The Court recognizes that even if this Court were to dismiss this case without prejudice as a sanction for Plaintiff's abuse of the judicial process, such dismissal would be tantamount to a dismissal with prejudice because it appears that Plaintiff's claims would be barred by the four-year statute of limitations if he were to refile this case.

> Th[e Eleventh Circuit] has instructed that, where a dismissal without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is "tantamount to a dismissal with prejudice, a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (internal quotation marks omitted); see also Boazman v. Econ. Lab., Inc., 537 F.2d 210, 213 (5th Cir. 1976) (holding "that where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation," we apply the "stricter" standard of review that we ordinarily employ when reviewing a dismissal with prejudice). . . .
>
> . . . .
>
> A dismissal with prejudice is a sanction of last resort, and is only proper if the district court finds "both a clear record of willful conduct and a finding that lesser sanctions are inadequate." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). Moreover, "findings satisfying both prongs of [the] standard are essential before dismissal with prejudice is

---

[7] If the Bradford County case were not so obviously related to this case or if substantial time had passed between the dismissal of the Bradford County case and the filing of this case to make Plaintiff's lapse plausible, the Court might view this differently.

> appropriate." Betty K Agencies,[8] 432 F.3d at 1339. While we have "occasionally inferred" a finding that lesser sanctions are inadequate, as in cases "where lesser sanctions would have 'greatly prejudiced' defendants," we have never suggested that the district court is relieved of its obligation to make that finding in the first instance. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

Perry v. Zinn Petroleum Co., LLC, 495 F. App'x 981, 984-85 (11th Cir. 2012) (per curiam) (footnote omitted).

Here, Plaintiff purposefully and willfully omitted mention of his Bradford County case in his initial Complaint, his Amended Complaint and his Second Amended Complaint in an effort to avoid dismissal of this case. Lesser sanctions are not appropriate because Plaintiff is a pauper and therefore imposing monetary sanctions would be ineffective. Moreover, Plaintiff has been sanctioned in the past by having Case No. 3:91-cv-351-J-10HTS dismissed for his abuse of the judicial process in not providing the Court with truthful factual statements and/or responses that could be relied upon to bring the case to an expeditious closure; however, he has again engaged in such behavior. Thus, the Court concludes that dismissal with prejudice is an appropriate sanction under these circumstances. Because this Court has found that this case is due to be dismissed for Plaintiff's abuse of the judicial process, the Court will not reach the remaining arguments raised in Defendants' Motion.

Therefore, it is now

**ORDERED:**

---

[8] Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333 (11th Cir. 2005).

1. Defendants' Motion to Dismiss (Doc. #59) is **GRANTED** to the extent that this case is hereby **DISMISSED WITH PREJUDICE** for the reasons stated above.

2. The **Clerk** shall enter judgment accordingly and close this case.

3. The **Clerk** shall terminate all other pending motions as moot.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of August, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ps 8/22
c:
Michael Rease
Counsel of Record